UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSEMARY GARITY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>APWU-AFL-CIO, APWU LOCAL #7156,<br><br>　　　　Defendants. | 2:11-CV-01109--PMP-CWH<br><br>**ORDER** |

     This action was commenced on July 6, 2011 by the filing of Plaintiff's Complaint against Defendant APWU-AFL-CIO, the National Labor Organization of the American Postal Workers Union, and APWU Local #7156.

     In her Complaint Plaintiff asserts claims under 42 U.S.C. § 2000e-2 for: discrimination based on disability (count I), for discrimination based on retaliation (count II), for discrimination based on harassment creating a hostile work environment (count III), for discrimination based on discharge/disciplinary action (count IV), for discrimination based on disparate treatment (count V), for intentional infliction of emotional distress (court VI), and for conspiring to deprive Plaintiff of her civil rights (count VII).

///

///

1    Currently, before the Court are separate motions to dismiss brought
2 respectively by the Defendants' National Union, APWU-AFL-CIO (Doc. #11) and
3 local Defendant APWU Local #7156 (Doc. #15).  The Motions are fully briefed, and
4 a hearing was conducted on the matter on October 14, 2011.
5    Defendant APWU-AFL-CIO ("National Union") argues first that Plaintiff
6 has not lawfully served process on the National Union in compliance with Rule 4 of
7 the Federal Rules of Civil Procedure.  The record before the Court supports  National
8 Union in this regard, and standing alone provides grounds to grant Defendant's
9 Motion to Dismiss (Doc. #11).
10    Additionally, the arguments set forth in National Union's Motion to
11 Dismiss (Doc.'s #11, #12), and Reply Memorandum (Doc. #39) supports the finding
12 that Plaintiff's Complaint fails to allege plausible entitlement to relief
13 <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1940, (2009), with respect to any of her claims.  As
14 a result, the Court finds Defendant APWU-AFL-CIO's Motion to Dismiss (Doc.
15 #11) must be granted, without prejudice to allow Plaintiff to file an Amended
16 Complaint and to effect proper service of process with respect to any Amended
17 Complaint filed.
18    Defendant APWU Local #7156 ("Local Union") Motion to Dismiss (Doc.
19 #15) also challenges the effectiveness of Plaintiff's service of process in accord with
20 Rule 4 of the Federal Rules of Civil Procedure.  As with the argument made by
21 National Union, Local Union is correct.  Regardless, the Court also finds for the
22 reasons set forth in Local Union's Motion (Doc.'s #15, #16) and Reply
23 Memorandum (Doc. #38) that Plaintiff has failed to set forth allegations in her
24 Complaint which demonstrate a plausible entitlement to relief.
25 <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1940, (2009).  Dismissal is therefore warranted
26 under Federal Rule of Civil Procedure 12(b)(6).

Based upon the foregoing, and good cause appearing,

**IT IS ORDERED that** Defendant APWU-AFL-CIO's Motion to Dismiss (Doc. #11) is **GRANTED** and that Plaintiff's Complaint is hereby **DISMISSED** without prejudice as to said Defendant.

**IT IS FURTHER ORDERED that** Defendant APWU Local #7156's Motion to Dismiss (Doc. #15) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED that** Plaintiff Rosemary Garity shall have an additional 30 days, to and including **November 28, 2011**, within which to file a Proposed Amended Complaint and thereafter to effect proper service on Defendants. Failure to do so will result in a conversion of this Order from dismissal without prejudice to dismissal with prejudice.

DATED: October 27, 2011.

_____
PHILIP M. PRO
United States District Judge