# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROSEMARY GARITY,             )
               Plaintiff,    )    Case No. 2:11-cv-01109-PMP-CWH
                              )
vs.                          )    **ORDER**
                              )
APWU-AFL-CIO,                )
APWU LOCAL #7156,            )
             Defendant.    )

     This matter is before the Court on Defendant's Motion to Stay Discovery (#116), filed on December 3, 2012. The Court also considered Defendant's Memorandum in Support of Motion to Stay (#117) and Proposed Order Staying Discovery (#118), filed on December 3, 2012. In addition, the Court considered Plaintiff's Response (#119), filed on December 10, 2012 and Defendant's Reply (#120), filed on December 13, 2012.

## DISCUSSION

     The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation. Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues. *Id*. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

     Courts have broad discretionary power to control discovery including the decision to allow

or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting motions to stays due to pending dispositive motions would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

The Court finds that Defendant has made the strong showing necessary to support the requested stay. Defendant indicates that it has a significant amount of discovery outstanding including files that have not been produced, depositions that need to be taken, and review of extensive documents produced by Plaintiff. In contrast, Defendant alleges that Plaintiff has completed almost all of her discovery and therefore, will not be prejudiced by a stay of discovery. In addition, Defendant's pending Motions to Dismiss (#91 and 95) are set for hearing on January 3, 2013. Defendant contends that the remaining discrimination and negligent retention claims should be dismissed because they are precluded by the fact that another action involving the duty of fair representation action was previously dismissed. *See* 2:11-cv-01110-KJD-CWH (D. Nev. July 18, 2012). In addition, Defendant alleges that issue preclusion would apply to this action if the pending motion to dismiss is granted in a related case. *See* 2:11-cv-01805-MMD-CWH (D. Nev.).

In response, Plaintiff contends that Defendant failed to meet and confer as required by Federal Rule of Civil Procedure 26(c) prior to filing the instant motion. Plaintiff also asserts that the other cases do not impact this action highlighting the fact that they were not consolidated. Further, Plaintiff alleges that she will be prejudiced by a stay of discovery because "all delays so far have worked to the defendant's favor." Response #119, 3. The Court is not persuaded by Plaintiff's arguments. Defendant certified that it met and conferred with Plaintiff prior to filing the Motion to Stay. Additionally, Plaintiff concedes that the majority of her discovery has been completed and she was unable to state sufficient prejudice that would result from the Court granting the Motion to

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

Stay. The Court also notes that discovery is not necessary to resolve the pending Motions to Dismiss. Therefore, the Court finds that it is appropriate to issue a stay of discovery until an order is issued on the pending Motions to Dismiss #91 and #95.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Discovery (#116) is **granted.**

DATED this 21st day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**