UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSEMARY GARITY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>APWU-AFL-CIO, *et al.*,<br><br>　　　　　　Defendants. | 2:11-CV-01109-PMP-CWH<br><br>**ORDER** |

　　　　On January 8, 2013, the Court conducted a hearing regarding Defendant American Postal Workers Union's fully briefed Motions to Dismiss (Docs. #91 & #95). For the reasons set forth in Defendants Motions, and having considered the arguments presented at the hearing conducted, the Court finds Defendant's Motions to Dismiss must be granted.

　　　　Specifically, by its Motion to Dismiss filed October 10, 2012 (Doc. #91), Defendant APWU seeks dismissal of the discrimination claims contained in Plaintiff's Amended Complaint on the basis of issue preclusion resulting from the decision of the Honorable Kent J. Dawson in Case No. 2:11-cv-01110-KJD-CWH. Defendant correctly argues that on July 6, 2011, Plaintiff filed two separate complaints, the instant case before this Court assigned Case No. 2:11-cv-01109-PMP-CWH and the other assigned to Judge Dawson under Case No. 2:11-cv-01110-KJD-CWH. Defendant also argues correctly that while the claims made by Plaintiff in the two separate cases are not identical in every respect, each requires that

Plaintiff demonstrate that Defendant APWU breached its duty of fair representation and that its actions were "arbitrary, discriminatory, or in bad faith."  On July 18, 2012, Judge Dawson entered an Order in Case No. 2:11-cv-01110-KJD-CWH granting Defendant APWU's Motion to Dismiss Amended Complaint on the specific ground that Plaintiff had failed to demonstrate a breach of the duty of fair representation essential to her discrimination claims.  Defendant correctly argues that in this case, Defendant's First, Second, Fourth, and Fifth Claims must be dismissed because each requires Plaintiff to prove the same breach of the duty of fair representation arising from a common nucleus of operative facts.  Under the Doctrine of Issue Preclusion, Defendant maintains Plaintiff should be barred from re-litigating this issue already adjudicated adversely in the related case.  *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  The Court agrees.

By its separate Motion to Dismiss (Doc. #96) filed October 22, 2012, Defendant seeks dismissal of Plaintiff Garity's negligent retention claim based on the same argument of Issue Preclusion flowing from the decision of Judge Dawson in the related case, but adds an additional argument in support of dismissal.  Specifically, Defendant argues there is no legal basis in either state of federal law to support a claim of negligent retention against a labor union such as Defendant.  The Court has reviewed the many case tendered by Defendant which support Defendant's argument that a common law negligent retention claim derives from the "special relationship" between an employer and employee, but not between a union member and a labor organization.  Indeed, Defendant argues applying the negligent retention doctrine in the context of this case would contravene the well-settled federal policy of non-interference with labor union administration.  *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175 (Nev. 1996).  Again, the Court agrees.  Moreover, the Court finds that Plaintiff's common law negligent retention claim is preempted by Section

301 of the Taft-Harley Act, 39 U.S.C. § 185(a).

**IT IS THEREFORE ORDERED** that Defendant APWU's Motions to Dismiss (Docs. #91 & #95) are **GRANTED**.

It further appearing that this ruling resolves all remaining claims between all Parties in this case, and good cause appearing,

**IT IS ORDERED** that the Clerk of Court shall forthwith enter judgment in favor of Defendant APWU-AFL-CIO and against Plaintiff Rosemary Garity.

DATED: January 14, 2013.

_____
PHILIP M. PRO
United States District Judge

3