UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSEMARY GARITY,<br><br>Plaintiff,<br><br>v.<br><br>APWU-AFL-CIO, et al.,<br><br>Defendants. | Case No. 2:11-cv-01109-APG-CWH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY**<br><br>(ECF No. 149) |

Defendant American Postal Workers Union, AFL-CIO (APWU) moves to exclude plaintiff Rosemary Garity's two experts, Dr. Gregory Brown and Patricia Barnes. APWU argues the proposed expert testimony is not relevant to any of Garity's remaining claims. APWU also argues the testimony is not reliable because the experts rely primarily on Garity's version of events with no independent investigation. Finally, APWU contends that even if relevant, the evidence should be excluded under Federal Rule of Evidence 403.

Garity responds that the experts are relevant to the emotional distress she suffered due to APWU's conduct. Garity disputes that the experts relied solely on her statements. For example, she notes that Dr. Brown reviewed medical records and other evidence, conducted interviews, and performed a psychological test. Garity contends Barnes is qualified as an expert in bullying and will be able to explain to the jury the effect that the acts of her supervisors, local union members, and the national APWU had on her.

Federal Rule of Evidence 702 permits testimony based on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. The judge acts as a "gatekeeper" to exclude expert testimony that is not both relevant and reliable. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Whether to admit expert testimony, as well as deciding how to determine the testimony is reliable, lies within the trial judge's discretion. *Id.* at 152;

*United States v. Calderon-Segura*, 512 F.3d 1104, 1109 (9th Cir. 2008). The party offering the expert testimony bears the burden of establishing its admissibility. *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Testimony is relevant if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a); *see also Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (stating testimony is relevant if it "logically advances a material aspect of the proposing party's case"). To be helpful to the jury, the testimony must be "tied to the facts" of the particular case. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) (quotation omitted).

Expert testimony is reliable if it is "based on sufficient facts or data," is "the product of reliable principles and methods," and the expert "has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). In *Daubert*, the United States Supreme Court set forth a non-exclusive list of factors that may guide a court in assessing the reliability of offered testimony: (1) whether a scientific theory or technique "can be (and has been) tested," (2) whether the theory or technique "has been subjected to peer review and publication," (3) the known or potential rate of error and "the existence and maintenance of standards controlling the technique's operation," and (4) whether the technique is generally accepted. 509 U.S. at 592-93. Depending on the type of expert testimony offered, these factors may not be appropriate to assess reliability. *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006). The *Daubert* factors may have little application to expert testimony based on personal knowledge or experience. *Id.* In such circumstances, the trial court should not apply the *Daubert* factors in an unduly restrictive manner. *Id.* The trial court should be mindful that "[t]he test for reliability . . . is not the correctness of the expert's conclusions but the soundness of his methodology." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1191-92 (9th Cir. 2007) (quotation omitted). The trial court should ensure the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

**A. Dr. Brown**

Although a plaintiff is usually not required to provide expert testimony to prove emotional distress, "such testimony is not irrelevant." *Bailey v. Runyon*, 220 F.3d 879, 881 (8th Cir. 2000). "To the contrary, [courts] recently have noted the probative value of expert psychological proof regarding causation of the claimant's depression and emotional distress." *Id.* (quotation omitted); *see also U.S. E.E.O.C. v. Consol. Resorts, Inc.*, No. 2:06-cv-01104-LDG-GWF, 2008 WL 942289, at *9 (D. Nev. Apr. 7, 2008) ("When emotional distress is unusually severe or alleged in clinical terms, or when another party intends to offer expert testimony about the distress, the testimony of an expert would help the trier of fact understand the nature, severity, and characteristics of the emotional distress." (quotation omitted)). Dr. Brown's anticipated testimony therefore is relevant.

It is also sufficiently tied to the facts of the case to be helpful to the jury. Dr. Brown opines that Garity had no history of psychological illness until she worked at the post office. ECF No. 149-2 at 12. She thereafter was treated by multiple providers for depressive disorder and anxiety and was taking antidepressants and anti-anxiety medications. *Id.* at 13. Dr. Brown noted that each provider documented that work-related stress was contributing to Garity's condition. *Id.* Additionally, her condition worsened over the course of her employment but then improved when she stopped working there. *Id.* at 7, 13.

APWU argues that Dr. Brown refers only to "workplace stress" and not specifically to APWU's alleged acts of discrimination and retaliation. However, Dr. Brown refers to the fact that Garity's problems were "compounded by the lack of support provided by the Union, who she deeply perceives as having colluded with management, which increased her stress level markedly throughout her experience." *Id.* at 13. Dr. Brown notes that in Garity's view, she made complaints to APWU but received little response. *Id.* at 5. Dr. Brown opined that "[g]iven the time of onset of the depressive and anxiety symptoms combined with descriptions of her workplace environment and supported by the progress notes and objective psychological testing conducted by multiple outpatient providers, it is reasonable to conclude that both the depression

and the anxiety is a direct result of stress within the workplace environment, linked both to management and by lack of union support." *Id.* at 13. It remains an open question whether APWU is liable for the local union's actions. *See* ECF Nos. 76 at 20-21; 182 at 15-20. Consequently, the overall stressful work environment, as allegedly exacerbated by union officials' conduct at both the local and national levels, is tied to Garity's remaining claims.

Dr. Brown's anticipated testimony is the product of reliable principles and methods under Rule 702. Dr. Brown conducted three different interviews with Garity, each for an hour or longer. ECF No. 149-2 at 3. He also interviewed Garity's husband, reviewed Garity's records from numerous other providers, and reviewed some evidence from the lawsuit. *Id.* He administered the Minnesota Multiphasic Personality Inventory 2 (MMPI 2) diagnostic test to Garity and diagnosed a form of chronic low grade level depression. ECF No. 149-2 at 12.

These types of diagnostic techniques are part of a valid methodology for psychological evaluation. *See, e.g., United States v. Finley*, 301 F.3d 1000, 1009 (9th Cir. 2002) (finding "proper psychological methodology and reasoning" where the expert "relied on accepted psychological tests, from which he drew sound inferences, and he took a thorough patient history, including meeting with Finley's wife and observing Finley's behavior"). Dr. Brown's opinions are not based solely on Garity's statements. "[R]ather, he used his many years of experience and training," as well diagnostic testing, "to diagnose [Garity's] mental condition." *Id.*

Finally, I have no basis to conclude at this stage of the proceedings that Dr. Brown's testimony should be excluded under Rule 403. I therefore deny the motion to exclude Dr. Brown.

**B. Barnes**

Barnes is presented as an expert in workplace bullying. If permitted to testify, Barnes would opine about what workplace bullying is, that it can cause severe mental and physical distress, that Garity was subject to severe and pervasive workplace bullying, and that such bullying "could reasonably be expected to cause [Garity] to suffer both physical and mental harm." ECF No. 149-3 at 2. I grant APWU's motion to exclude Barnes. This testimony would not be helpful to the jury because it does not concern matters beyond the common knowledge of

the average layperson. *United States v. Cazares*, 788 F.3d 956, 977 (9th Cir. 2015) ("Experts may be used to testify to matters outside the expected knowledge of the average juror."). The average juror would not need an expert on bullying to evaluate Garity's alleged emotional distress in this case. I therefore grant APWU's motion to exclude Barnes.

### C. Conclusion

IT IS THEREFORE ORDERED that defendant APWU-AFI-CIO's motion in limine to exclude expert testimony **(ECF No. 149) is GRANTED in part and DENIED in part**. Dr. Gregory Brown is not excluded. Proposed expert Patricia Barnes is excluded.

DATED this 15th day of August, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE